Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-152

| | | |
|---|---|---|
| MELVIN JAVIER COLÓN SERRANO; BERNICE RUIZ CINTRÓN Y LA SOCIEDAD DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>EUNICE GUZMÁN LÓPEZ T/C/C EUNICE GUZMÁN GONZÁLEZ y otros<br><br>Demandados<br><br>MARÍA LÓPEZ; ABIGAIL LÓPEZ T/C/C ABIGAIL CÁRDENAS; RUTH LÓPEZ T/C/C RUTH SANTIAGO<br><br>Peticionarias | TA2025CE00249 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br><br>Caso Núm.: UT2024CV00156<br><br><br><br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Campos Pérez y el Juez Ronda Del Toro[1].

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Comparece la señora María López, la señora Abigail López t/c/c Abigail Cárdenas y la señora Ruth López t/c/c Ruth Santiago (conjuntamente "peticionarias") vía *certiorari* y solicitan que revoquemos la *Resolución y Orden* del Tribunal de Primera Instancia, Sala Superior de Utuado, emitida el 14 de mayo de 2025. En dicho dictamen, se confirmó la orden de proveer a la señora Eunice Guzmán López t/c/c Eunice Guzmán González, el señor Moisés López Guzmán

---

[1] Mediante la Orden Administrativa OATA-2025-195 emitida el 9 de octubre de 2025 y debido a la inhibición del del Hon. Nery E. Adames Soto, se designó al Hon. Eric R. Ronda Del Toro en su sustitución en el recurso de epígrafe.

y el señor Josías López Guzmán el acuerdo transaccional confidencial perfeccionado entre las peticionarias y el señor Melvin Javier Colón Serrano, la señora Bernice Ruiz Cintrón y la Sociedad de Gananciales compuesta por estos. Por los fundamentos que expresaremos, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria* del 3 de julio de 2025.

En síntesis, el caso de epígrafe trata de una demanda por incumplimiento contractual y daños y perjuicios, entre otras causas de acción. En lo que nos incumbe, los demandantes presentaron una demanda contra la Sucesión del señor José Joaquín López González, que incluye a las peticionarias y los recurridos. Solicitaron que se les ordenara a los demandados el cumplimiento específico de la venta de un inmueble sujeto a una opción de compraventa, más el resarcimiento de los daños alegados. Luego de varios trámites procesales, los demandantes presentaron una *Moción de desistimiento con perjuicio por acuerdo transaccional confidencial* e informaron haber llegado al referido acuerdo con las peticionarias. El Tribunal recurrido concedió el desistimiento, pero igualmente emitió una *Orden* en la cual consignó que no podía hacer una determinación sobre la confidencialidad del acuerdo alcanzado.

Por su parte, los recurridos solicitaron que se les proveyera el acuerdo confidencial y, luego de las peticionarias oponerse, el Tribunal recurrido emitió una *Resolución y Orden* para ordenar la divulgación del acuerdo a los recurridos dentro de un término de diez (10) días.

No obstante, lo anterior, el 30 de mayo de 2025, el Tribunal de Primera Instancia ordenó la paralización de todo y cualquier procedimiento en el caso hasta tanto los recurridos presentaran la fianza

de no residente. Por consignarse y reconocerse judicialmente el pago de dicha fianza el 1 de julio de 2025, el día siguiente que las peticionarias solicitaron reconsideración de la *Resolución y Orden* del 14 de mayo de 2025, el Tribunal inferior resolvió sin lugar la solicitud de reconsideración por haberse presentado tardíamente. Las peticionarias solicitaron reconsideración una segunda vez, enfocándose en la determinación del Tribunal de Primera Instancia de que la primera moción de reconsideración se presentó fuera de término. Sin embargo, dicho Tribunal resolvió sin lugar.

Insatisfechas las peticionarias, recurren ante este Tribunal y alegan que el Tribunal de Primera Instancia erró al ordenar la notificación del acuerdo confidencial. En oposición, los recurridos argumentan que las peticionarias tuvieron diez (10) días para solicitar la reconsideración, lo cual no hicieron.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las

determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

De otro lado, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia podrá presentar una moción de reconsideración dentro del término de cumplimiento estricto de quince (15) días desde la notificación de la determinación. Regla 47 de Procedimiento Civil, *supra*. Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. Si el foro primario acoge la moción y emite una nueva determinación que es sustancialmente distinta a la original, cualquiera de las partes del pleito puede solicitar que se reconsidere el nuevo dictamen. *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330 (2018). No obstante, para que la nueva solicitud de reconsideración interrumpa el término estricto de treinta (30) días para recurrir al foro apelativo, la moción debe indicar cuáles son las alteraciones sustanciales cuya reconsideración se solicita por primera vez. Íd. Véase, también, Regla 52.2 de Procedimiento Civil, *supra*.

En el presente caso, el Tribunal de Primera Instancia erró al denegar la solicitud de reconsideración del 1 de julio de 2025 por considerarla tardía. Se desprende claramente del expediente que el Tribunal ordenó la paralización de todo y cualquier procedimiento en el caso, por tanto, el término para solicitar la reconsideración de la *Resolución y Orden* del 14 de mayo de 2025 quedó interrumpido hasta tanto los recurridos pagaran la fianza de no residente. En consecuencia, el Tribunal de Primera Instancia debía evaluar la solicitud de reconsideración en cuestión.

Por los fundamentos expresados, expedimos el auto de *certiorari* y revocamos la *Resolución Interlocutoria* del 3 de julio de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones